UNITED STATES OF AMERICA,

v.

[2] CRISTINO SANCHEZ-SENDA, et al.,

Defendants.

Criminal No. 17-529 (ADC)

## OPINION AND ORDER

Before the Court is Co-defendant Cristino Sánchez-Senda's motion to dismiss based on an alleged violation of his rights under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, et seq., **ECF No. 32**, and the government's response, **ECF No. 33**. Defendant asserts that the span of over 130-calendar days between the government's September 13, 2017 indictment, **ECF No. 14**, and his January 24, 2018 arraignment and bail hearing, **ECF No. 35**, constitutes STA violation that warrants dismissal. **ECF No. 32** at 3–5 (citing *United States v. Taylor*, 487 U.S. 326, 332 (1988); *Moore v. Arizona*, 414 U.S. 25, 26 (1973) (per curiam)).[1]

---

[1] Defendant bases his motion to dismiss exclusively on his statutory right to a speedy trial under the STA, not his constitutional right to a speedy trial under the Sixth Amendment. **ECF No. 32**. This distinction is important. Different standards apply when evaluating a STA violation versus a Sixth Amendment violation. *See United States v. Apicelli*, 839 F.3d 75, 84–85 (1st Cir. 2016). At times, defendant's motion conflates the applicable standards. *See, e.g.*, **ECF No. 32** at 4 (discussing presumed prejudice). Under the Sixth Amendment analysis, the court applies the four-part balancing test established in *Barker v. Wingo*, 407 U.S. 514 (1972). *Apicelli*, 839 F.3d at 85. The *Barker* test "requires a weighing of: (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant resulting from the delay." *Id.* (citation and internal quotation marks omitted). The Sixth Amendment analysis under *Barker* is inapplicable here, as such, the Court does not consider defendant's claims that he experienced an "uncommonly long" delay that is presumptively prejudicial. **ECF No. 32** at 4.

The STA implements the Sixth Amendment's guarantee to a speedy trial, setting a 70-day limit on the time that may elapse between the filing of criminal charges and the accused's trial. *See United States v. Apicelli*, 839 F.3d 75, 82 (1st Cir. 2016). The 70-day clock starts with "the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). A period of delay attributable to continuances may be excluded from the calculation if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). Likewise, time during which the court was "inaccessible," as that term is used in Fed. R. Crim. P. 45(a), is excluded from the 70-day calculation. *See* Fed. R. Crim. P. 45(a); *see also* Fed. R. Civ. P. 6(a); Fed. R. App. P. 26(a).

Here, the timeframe challenged by defendant consists almost exclusively of time exempted from an STA calculation. Defendant's initial appearance was held on August 24, 2017, at which time the Court scheduled a preliminary examination and bail hearing for September 7, 2017. **ECF No. 6.** On September 4, 2017, Defendant requested a continuance of that hearing to September 19, 2017, which was granted without explanation. **ECF Nos. 10, 11.** The indictment was returned by the Grand Jury on September 13, 2017, marking the starting point for the STA clock. **ECF No. 14.** Although scheduled for September 19, 2017, the Court did not hold the

arraignment and bail hearing until January 24, 2018. **ECF Nos. 18, 19, 31, 35**. The Court closed midday on September 18, 2017, in anticipation of the imminent passage of Hurricane Maria, causing the Court to reschedule the September 19 arraignment and bail hearing to September 25, 2017. **ECF No. 18**; Public Notice from the Clerk No. 17-10 (announcing that the Court would close midday on September 18, 2017, in light of the forecasted hurricane). The Court, however, remained closed to the public on September 25, 2017, and for sometime thereafter, due to the state of emergency left in the wake of the hurricane. **ECF No. 19.** Indeed, by September 29, 2017, the Court suspended all trials until at least November 6, 2017. Public Notice from the Clerk 17-12. By September 25, 2017, the U.S. Marshals were engaged in the transfer of federal detainees to districts outside of Puerto Rico pursuant to the Federal Judiciary Emergency Special Sessions Act of 2005, Pub. L. No. 109-63, 119 Stat. 1993 (2005). *See* 28 U.S.C. § 141; Public Notice from the Clerk 17-12. On October 4, 2017, the Court issued an Omnibus Order echoing these emergency measures and also excluding "all pending criminal cases . . . from the requirements of the Speedy Trial Act until further order of this Court." **Misc. Order 17-509**. The Omnibus Order noted that the federal courts in Puerto Rico were "inaccessible" and closed to the public due to the "emergency conditions" that began on September 18, 2017, "and continu[ed] until October 3, 2017 and for some time in the future." *Id.* at 2. The Omnibus Order "constitutes a part of the record of all pending criminal cases and any criminal cases filed hereafter during the time that this order is effective." *Id.* Hurricane-related recovery efforts continued and the Bureau of

Prisons remained unable to transfer pre-trial detainees back into the District until the end of February 2018.

Thus, assuming the time attributable to defendant's continuance is not excludable from the STA clock, *see* 18 U.S.C. § 3161(h)(7)(A), five days elapsed under the STA between the filing of the indictment and the closure of the Court due to Hurricane Maria. The remaining time encompassed in defendant's calculation is excluded under the STA, because it consists of a period the Court was inaccessible to the public and the ongoing period during which the Omnibus Order has been in effect.

Accordingly, defendant's motion to dismiss at **ECF No. 32** is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 4th day of April, 2018.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**